United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-50170

RALPH CRESSMAN; PAULA SCHNIZER;
JOE MAGOURIK; GREG MOSBY; JIMMY DAVIS,

Plaintiffs-Appellants,

versus

MARTHA ELLIS; CHARLES REED; DONNY HARLAN,
also known as Dony Harland; RICHARD MORRIS;
RAY RUSHING,

Defendants-Appellees.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. W-02-CV-275)

Before REAVLEY, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ralph Cressman and his co-appellants ("Cressman") appeal the dismissal, under

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FED.R.CIV.P. 12(b)(6), of their privacy claims against Ellis et al., Texas State Technical College ("TSTC") officials. We vacate the judgment for the following reasons:

This court reviews *de novo* a dismissal under rule 12(b)(6) and applies the same standards as the district court. *See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). The complaint should be construed liberally in favor of the plaintiff with all facts pleaded taken as true. *See Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986). Dismissals under 12(b)(6) are disfavored as they occur only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Still, the plaintiff must plead specific facts rather than conclusory allegations. *See Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). The district court may only consider the allegations in the complaint and any attachments. *See Travis v. Irby,* 326 F.3d 644, 648 (5th Cir. 2003).

Under their 42 U.S.C. § 1983 claim, the plaintiffs have alleged a violation of a Fourth Amendment privacy right. Section 1983 provides a private right of action against those who acting under color of law deprive someone of rights secured under the Constitution or federal law. *See Bauer v. Texas,* 341 F.3d 352, 357 (5th Cir. 2003). A two prong test has been established to determine if there has been a violation of privacy: did the person manifest a subjective expectation of privacy and if so, was that an objectively

2

reasonable expectation. *See Katz v. United States*, 389 U.S. 347, 360 (1976) (Harlan, J., concurring); *see also California v. Ciraolo,* 476 U.S. 207, 211 (1986) (adopting the test proposed in Harlan's *Katz* concurrence).

Plaintiffs have also alleged a violation of 18 U.S.C. § 2510, the federal wiretapping statute, which prohibits the willful interception of an oral communication by a device. Section 2510(2) protects those oral communications that are "uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." Fourth Amendment analysis also guides the inquiry as to whether these oral communications are transmitted under circumstances justifying an expectation of privacy. *See Kee v. City of Rowlett,* 247 F.3d 206, 211 (5th Cir. 2001) (holding that *Katz* is the proper test for both privacy violations pursued under 42 U.S.C. § 1983 and violations of interception of oral communications under 18 U.S.C. § 2510).

When conducting its *de novo* review of the district court's 12(b)(6) dismissal, this court must determine whether there is any set of facts under which the plaintiffs could be said to have manifested a subjective expectation of privacy and whether that expectation was objectively reasonable. The district court, in making this determination, mistakenly went beyond the pleadings and looked at the whole record. Yet only the First Amended Original Petition is relevant to the motion to dismiss.

In the First Amended Original Petition, the Plaintiffs allege that the defendants

3

began "video and audio taping of the Plaintiffs in the squad room of the offices of the TSTC police department. The eavesdropping and 'bugging' of the Plaintiffs continued for approximately forty-five (45) days . . . no court order was obtained . . . ." Pls.'s First Am. Original Pet. at 3. The plaintiffs could prove a set of facts in support of their claims which would entitle them to relief.

In assessing oral communications in the eavesdropping and wiretapping context, the Fifth Circuit has focused on whether one has "exhibited a subjective expectation of privacy that [his communications] would remain free from governmental intrusion" and whether one "took normal precautions to maintain privacy." *Kee*, 247 F.3d at 213 (*quoting United States v. Cardoza-Hinojosa*, 140 F.3d 610, 615 (5th Cir. 1988)). In particular, the courts have examined a non-exhaustive list of factors including:

> (1) the volume of the communication or conversation; (2) the proximity or potential of other individuals to overhear the conversation; (3) the potential for communications to be reported; (4) the affirmative actions taken by the speakers to shield their privacy; (5) the need for technological enhancements to hear the communications; and (6) the place or location of the oral communications as it relates to the subjective expectations of the individuals who are communicating.

Id. at 214-15. In the workplace, such privacy expectations must be evaluated on a case by case basis. There have been cases where employees have been found to have manifested a subjective expectation of privacy in their workspace. *See United States v. McIntyre*, 582 F.2d 1221, 1224 (9th Cir. 1978)( finding a microphone and transmitter placed in an employee's office to violate his subjective expectation of privacy).

While the determination of an objectively reasonable expectation of privacy is a

question of law for the court, it is also a highly fact intensive inquiry. *See O'Connor v. Ortega*, 480 U.S. 709, 718 (1987) ("Given the great variety of work environments in the public sector, the question whether an employee has a reasonable expectation of privacy must be addressed on a case-by-case basis.").

At this stage in the litigation, it is premature to conclude that the plaintiffs could prove no set of facts under which they could establish both a subjective and objectively reasonable expectation of privacy in an officer squad room.

The district court made the following incorrect statement of the law: "Even assuming that their conduct was clearly established to be illegal, the Defendants acted with objective reasonableness. Therefore, the Defendants are entitled to qualified immunity on these claims." *Cressman v. Ellis,* No. 03-50170, pg. 8. The alleged privacy violation here was in 2000, twenty-four years after Katz. If a reasonable government agent would know that the audio and video recordings were clearly illegal, there could be no qualified immunity.

The dismissal is VACATED and the case is remanded for further proceedings.