**TEXAS STATE TECHNICAL COLLEGE, Martha Ellis, Charles Reed, Donny Harland, and Richard Morris, Appellants,**

v.

**Ralph CRESSMAN, Paula Schnizer, Joe Magourik, Greg Mosby, and Jimmy Daws, Appellees.**

No. 10–04–00325–CV.

Court of Appeals of Texas, Waco.

Aug. 3, 2005.

William T. Deane, Asst. Atty. General, Austin, for Appellants.

Jon R. Ker, Hewitt, for Appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Texas State Technical College ("TSTC") and several of its administrators and employees bring this interlocutory appeal from the trial court's denial of a summary judgment motion premised on statutory interpretation and official immunity. They contend in two issues that the court erroneously denied the summary judgment motion because: (1) the conduct at issue did not violate Chapter 123 of the Civil Practices and Remedies Code; and (2) they are entitled to judgment on the basis of official immunity.

▇ The underlying litigation involves three lawsuits which were consolidated by agreement into cause no. 2000–1243–4. Two of these lawsuits were filed against TSTC by Appellees and one other person who is not a party to this appeal[1] and allege claims for age, race, and gender discrimination and for retaliation. The third lawsuit was filed by Appellees

---

1. Before consolidation, these two suits were styled: (1) Ralph Cressman, Otis Smith, Joe Magourik, Greg Mosby, and James Daws v. TSTC (cause no. 2000–1243–4); and (2) Paula Schnizer v. TSTC (cause no. 2001–1634–4). Otis Smith is not a party to this appeal because he was not a party to cause no. 2000–

1243–4 when Appellants filed their summary judgment motion. *Cf. Powell v. Foxall*, 65 S.W.3d 756, 758 n. 1 (Tex.App.-Beaumont 2001, no pet.) (appellate decision would have no effect on defendant who was not party to summary judgment motion nor included in notice of appeal).

against Appellants Martha Ellis, Charles Reed, Donny Harland, Richard Morris, and three others who are not parties to this appeal[2] and alleges claims for: (1) illegal eavesdropping in violation of Chapter 123 of the Civil Practice and Remedies Code; (2) violation of right to privacy under color of state law in violation of 42 U.S.C. § 1983; (3) invasion of privacy; (4) conspiracy to violate civil rights in violation of 42 U.S.C. § 1985(3); and (5) intentional infliction of emotional distress.[3]

## Scope of Appeal

Section 51.014(a)(5) of the Civil Practice and Remedies Code permits an interlocutory appeal from an order which "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Such an appeal may be brought by the officer/employee and/or by the governmental unit by which he/she is employed. *See City of Beverly Hills v. Guevara,* 904 S.W.2d 655, 656 (Tex.1995) (per curiam); *City of Cockrell Hill v.*

*Johnson,* 48 S.W.3d 887, 891 (Tex.App.-Fort Worth 2001, pet. denied).

In response to an inquiry from the Clerk of this Court, TSTC avers that it is not a party to this appeal because "only the individual Defendants can assert official immunity." In addition to being incorrect as a legal proposition,[4] this response does not explain why TSTC is listed as an appellant in the notice of appeal. At a more fundamental level however, TSTC was not a party to the motion for summary judgment which is the subject of this appeal. Thus, we conclude that the portion of this appeal purportedly brought by TSTC presents nothing for review. *Cf. Powell v. Foxall,* 65 S.W.3d 756, 758 n. 1 (Tex.App.-Beaumont 2001, no pet.) (appellate decision would have no effect on defendant who was not party to summary judgment motion nor included in notice of appeal).

Appellants[5] challenge the court's ruling on their claim of official immunity and on their contention that Appellees' allegations do not state a violation of Chapter 123 as a matter of law. However,

---

2. The third lawsuit (cause no. 2001–3082–4) was styled Ralph Cressman, Paula Schnizer, Joe Magourik, Greg Mosby, and James Daws v. Martha Ellis, Charles Reed, Donny Harland, Richard Morris, Abdon Rodriguez, Ray Rushing, and Murray Watson, Jr. and Associates. The plaintiffs voluntarily dismissed their claims against Abdon Rodriguez when they omitted him from their first amended petition. *See Woodruff v. Wright,* 51 S.W.3d 727, 731 (Tex.App.-Texarkana 2001, pet. denied). The law firm of Murray Watson, Jr. and Associates is not a party to this appeal because the plaintiffs formally dismissed their claims against the firm. Ray Rushing is not a party to this appeal because he was not a party to cause no. 2000–1243–4 when Appellants filed their summary judgment motion and because his name is not included in the notice of appeal. *See* Tex.R.App. P. 25.1(c) (any party "who seeks to alter the trial court's judgment or other appealable order must file

a notice of appeal"); *cf. Powell,* 65 S.W.3d at 758 n. 1.

3. These are the allegations of the Plaintiffs' First Amended Original Petition. Appellees have included in the appendix to their brief a Plaintiffs' Seconded Amended Original Petition which does include the federal claims alleged in the first amended petition. However, this second amended petition does not appear in the clerk's record, and according to the district clerk, it was never presented for filing.

4. *See e.g. DeWitt v. Harris County,* 904 S.W.2d 650, 653 (Tex.1995).

5. Any reference hereinafter to "Appellants" is to the individual appellants Martha Ellis, Charles Reed, Donny Harland, and Richard Morris.

the scope of this interlocutory appeal is limited by section 51.014(a)(5) to the immunity question. *See City of Alamo v. Holton,* 934 S.W.2d 833, 836 (Tex.App.-Corpus Christi 1996, no writ); *Richardson v. Parker,* 903 S.W.2d 801, 803 (Tex.App.-Dallas 1995, no writ); *Boozier v. Hambrick,* 846 S.W.2d 593, 596 (Tex.App.-Houston [1st Dist.] 1993, no writ); *cf. Cox Tex. Newspapers, L.P. v. Wootten,* 59 S.W.3d 717, 720–21 (Tex.App.-Austin 2001, pet. denied) (under section 51.014(a)(6), appellate court may consider any issue raised in summary judgment motion premised at least in part on First Amendment claim or defense); *Delta Air Lines, Inc. v. Norris,* 949 S.W.2d 422, 429 (Tex.App.-Waco 1997, writ denied) (same).[6] Therefore, we will not address Appellants' first issue. We will address Chapter 123 only to the extent that it may be relevant to the issue of official immunity. *See Bexar County v. Giroux–Daniel,* 956 S.W.2d 692, 696–97 (Tex.App.-San Antonio 1997, no writ) ("where the legality of a defendant's actions depends on the defendant's motive or intent, the qualified immunity analysis necessarily encompasses a consideration of the defendant's intent").

Appellants contend in their second issue that they conclusively established their entitlement to judgment on the issue of official immunity. Appellees respond that Appellants' official immunity claim is barred by res judicata and a genuine issue of material fact remains on the question of whether Appellants acted within the scope of their authority because their conduct violated Chapter 123 of the Civil Practice

and Remedies Code, section 16.02 of the Penal Code, and article 18.20 of the Code of Criminal Procedure.

### Res Judicata

■ When Appellees filed their first amended petition stating federal claims, Appellants removed the suit to federal court. The federal district judge granted Appellants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the basis of qualified immunity. The Fifth Circuit vacated this dismissal order holding that "[i]f a reasonable government agent would know that the audio and video recordings were clearly illegal, there could be no qualified immunity." *Cressman v. Ellis,* 77 Fed.Appx. 744, 746 (5th Cir.2003) (per curiam) (not designated for publication). Appellees contend that this decision bars Appellants from further pursuing official immunity under the doctrine of res judicata.

■ The issue of whether a federal judgment precludes a party from litigating claims in state court is governed by federal law. *John G. & Marie Stella Kenedy Meml. Found. v. Dewhurst,* 90 S.W.3d 268, 287 (Tex.2002). Under federal law, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of La.,* 522 U.S. 470, 476, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998) (quoting *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981)); *accord Kenedy Meml. Found.,* 90 S.W.3d at 287–88.

---

**6.** Section 51.014(a)(6) permits an interlocutory appeal from an order which:

denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73.

TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(6) (Vernon Supp.2004–2005).

Here, there has been no final judgment on the merits. Accordingly, res judicata does not apply.

### Scope of Authority

Official immunity shields a government employee from liability if the actions which form the basis for the plaintiff's suit arise from the performance of (1) discretionary duties, (2) in good faith, and (3) within the scope of the government employee's authority. *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 422 (Tex.2004) (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994)). Appellees contend that Appellants' conduct cannot have been within the scope of their authority because it is illegal under the statutes cited. However, we agree with Appellants that the legality of their conduct, standing alone, is irrelevant to the issue of whether they were acting within the scope of their authority.

Appellees rely on a line of cases which began in 1987 with *Bagg v. University of Texas Medical Branch at Galveston.* 726 S.W.2d 582 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.). In *Bagg*, one issue was whether the State's immunity from suit was waived by the "[u]nlawful or unauthorized actions" of two State employees. *See id.* at 585. Quoting *Cobb v. Harrington,* the Fourteenth Court observed:

> The acts of officials which are not lawfully authorized are not acts of the State, and an action against the officials by one whose rights have been invaded or violated by such acts, for the determination and protection of his rights, is not a suit against the State within the rule of immunity of the State from suit.

*Id.* (quoting *Cobb*, 144 Tex. 360, 190 S.W.2d 709, 712 (1945)).

After concluding that the State's immunity from suit cannot be waived when a State employee commits an "unlawful or unauthorized" action, the Fourteenth Court next determined that State employees "can ... be sued in their individual capacities for wrongful unofficial acts." *Id.* at 586.

Since *Bagg,* several courts have repeated the language that a government employee is not protected by official immunity if he engages in "unlawful or unauthorized actions." *See e.g. Guerrero v. Tarrant County Mortician Servs. Co.*, 977 S.W.2d 829, 832 (Tex.App.-Fort Worth 1998, pet. denied); *Closs v. Goose Creek Consol. Indep. Sch. Dist.*, 874 S.W.2d 859, 869 (Tex.App.-Texarkana 1994, no writ); *Lowrey v. Univ. of Tex. Med. Branch at Galveston*, 837 S.W.2d 171, 176 (Tex.App.-El Paso 1992, writ denied); *see also Camacho v. Samaniego*, 954 S.W.2d 811, 822 (Tex.App.-El Paso 1997, pet. denied) (government official not protected by official immunity when he acts on behalf of State but engages in conduct unauthorized by statute).

In our view however, the Fourteenth Court (and those which followed it) improperly severed the term "not lawfully authorized" into two separate components: unlawful or unauthorized. This severance is improper because an unlawful act is not necessarily unauthorized and an unauthorized act is not necessarily unlawful.

For purposes of official immunity, the central issue is not the legality of the government employee's conduct. Rather, the issue is whether the government employee is acting "within the scope of [his] authority." *Ballantyne*, 144 S.W.3d at 422; *City of Lancaster*, 883 S.W.2d at 653. As the Texarkana Court recently observed, "If a government employee acts within the scope of his employment in the performance of a discretionary duty and acts in good faith, he is entitled to official immunity *even though his acts are negligent, or even illegal.*" *Johnson v.*

*Campbell,* 142 S.W.3d 592, 594 (Tex.App.-Texarkana 2004, pet. denied) (emphasis added); *accord City of Lancaster,* 883 S.W.2d at 658 n. 9 ("the [U.S. Supreme] Court rejected this very argument when it rejected the notion that an officer necessarily operates outside of the scope of the officer's authority when acting unlawfully") (citing *Anderson v. Creighton,* 483 U.S. 635, 644–45, 107 S.Ct. 3034, 3041–42, 97 L.Ed.2d 523 (1987)).

 The lawfulness of a government employee's conduct may have a bearing on whether the government employee acted in good faith. *See City of Lancaster,* 883 S.W.2d at 656 n. 5 (the statute governing the duty emergency vehicle operators owe to others "may be read to inferentially rebut the defense of official immunity for operators of emergency vehicles in some instances by collapsing the duty and good faith inquiries"). Nevertheless, a statutory violation "does not preclude application of the official immunity doctrine." *Id.*

Here, Appellees do not contend that Appellants were not acting in good faith. The Supreme Court has rejected Appellees' contention that Appellants were acting outside the scope of their authority because they were acting unlawfully. *See id.* at 658 & n. 9; *accord Johnson,* 142 S.W.3d at 594. Thus, Appellants conclusively established their entitlement to judgment on the issue of official immunity. Accordingly, we sustain Appellants' second issue.

We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.[7]

---

7. Appellants pray that we reverse and render judgment in their favor. We decline to do so however because of the numerous claims which apparently remain pending in the trial court because of the agreed consolidation orders.