IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00295-CV

 

Ray M. Bowen, William Kibler, 

John Koldus, III, J. Malon Southerland, 

Russell W. Thompson, Zack Coapland, 

Major General M.T. Hopgood, Jr., Kevin 

Jackson, Donald Johnson, Michael 

David Krenz, James Reynolds, and Robert 

Harry Stiteler, Jr.,

                                                                                    Appellants

 v.

 

John Andrew Comstock, Dixie Ann 

Comstock, Jacquelynn Kay Self, 

Individually and as Administratrix 

of the Estate of Jerry Self, Deceased, 

Andrea Heard, Individually, Kathy 

McClain, Individually
and as 

Administratrix of the Estate of Bryan 

McClain, Deceased,
PHIL R. McCLAIN, 

INDIVIDUALLY,
DOMINIC BRAUS, NANCY

BRAUS,
MATTHEW ROBBINS, GREGORY 

ANTHONY
POWELL, INDIVIDUALLY AND AS 

ADMINISTRATOR
OF THE ESTATE OF CHAD A. 

POWELL,
DECEASED, LESLIE HEARD, AND 

BEVERLY
JILL POWELL, INDIVIDUALLY

                                                                                    Appellees

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 03-001246-CV361

 



Memorandum opinion










 

        Appellees sued Appellants,
employees of Texas A&M University.  Appellants appeal the overruling of
their pleas to the jurisdiction.  We affirm.

        In Appellants’ issue, they
contend that the trial court erred in overruling their pleas to the
jurisdiction, which pleas were premised upon sovereign immunity.  Appellants
argue that Appellees brought suit against Appellants in Appellants’ official
capacities, and thus that Appellees’ suits are barred by sovereign immunity. 
Appellees argue that they brought suits against Appellants in Appellants’
individual capacities, and thus that sovereign immunity does not bar those
suits.[1]

        “Capacity is a party’s legal
authority to go into court to prosecute or defend a suit.”  R & R
White Family Ltd. P’ship v. Jones, 182 S.W.3d 454, 457 (Tex. App.—Texarkana
2006, no pet.).  In order “to impose liability on a party, a plaintiff must sue
the party in the capacity from which that plaintiff seeks to recover.”  Barcroft
v. County of Fannin, 118 S.W.3d 922, 927 (Tex. App.—Texarkana 2003, pet.
denied); see Morgan v. City of Alvin, 175 S.W.3d 408, 414 n.1 (Tex.
App.—Houston [1st Dist.] 2004, no pet.).  A plaintiff may choose to sue
governmental-employee defendants individually, that is, “personally, in their
official capacity, or both.”  Kentucky v. Graham,  473 U.S. 159, 167 n.14 (1985); accord Cloud v. McKinney, 228 S.W.3d 326, 333 (Tex. App.—Austin
2007, no pet.); Denson v. T.D.C.J.-I.D., 63 S.W.3d 454, 460 (Tex.
App.—Tyler 1999, pet. denied); see Harris County v. Sykes, 136 S.W.3d
635, 637 (Tex. 2004); Wilson v. TDCJ-ID, 107 S.W.3d 90, 91 (Tex.
App.—Waco 2003, no pet.).    

        “[A] suit against a
governmental employee in his individual capacity seeks to impose personal
liability on the individual.”  Cloud, 228 S.W.3d at 333; see Graham, 473
 U.S. at 165 & n.10; Meroney v. City of Colleyville, 200 S.W.3d
707, 713 (Tex. App.—Fort Worth 2006, pet. granted, judgm’t vacated w.r.m.); Jackson
v. Stinnett, 881 S.W.2d 498, 500 (Tex. App.—El Paso 1994, no writ).  “A
victory in” an individual-capacity or “personal capacity suit is a victory
against the individual government official . . . .”  Harris
County v. Walsweer, 930 S.W.2d 659, 665 (Tex. App.—Houston [1st Dist.]
1996, writ denied).  “[A]n award of damages against an official in his personal
capacity can be executed only against the official’s personal
assets . . . .”  Graham at 166; accord Schauer v.
Morgan, 175 S.W.3d 397, 405 (Tex. App.—Houston [1st Dist.] 2005, no pet.); Winograd
v. Clear Lake City Water Auth., 811 S.W.2d 147, 162 (Tex. App.—Houston [1st
Dist.] 1991, writ denied).    

        “Official-capacity suits, in
contrast, ‘generally represent only another way of pleading an action against
an entity of which an officer is an agent.’”  Graham, 473 U.S. at 165 (quoting Monell v. Dep’t of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)); accord
 Tex. A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 844 (Tex. 2007); Schauer, 175 S.W.3d at 405; Winograd, 811 S.W.2d at 161.  “[A]
suit filed against an employee in an official capacity is an attempt to impose
liability on the State and therefore the suit is in actuality against the
governmental unit.”  Tex. Parks & Wildlife Dep’t v. E.E. Lowrey Realty,
Ltd., 155 S.W.3d 456, 458 (Tex. App.—Waco 2004), rev’d on other grounds,
235 S.W.3d 692 (Tex. 2007) (per curiam); accord Koseoglu at 844; Cloud,
228 S.W.3d at 333; De Santiago v. W. Tex. Cmty. Supervision & Corr.
Dep’t, 203 S.W.3d 387, 399 (Tex. App.—El Paso 2006, no pet.); Winograd at
161-62.  An official-capacity suit “is not a suit against the official
personally, for the real party in interest is the entity.”  Graham at
166; Koseoglu at 844; accord Gonzalez v. Avalos, 866 S.W.2d 346,
349 (Tex. App.—El Paso 1993), writ dism’d w.o.j., 907 S.W.2d 443 (Tex. 1995) (per curiam).  “[A] plaintiff seeking to recover on a damages judgment in an
official-capacity suit must look to the government entity itself.”  Graham at
166; Walsweer, 930 S.W.2d at 665.  

        Also, “[t]he capacity in which
the individual is sued affects the defenses to liability that may be raised.”  Cloud,
228 S.W.3d at 333.  “The only immunities that can be claimed in an
official-capacity action are forms of sovereign immunity that the” sovereign
“entity, qua entity, may possess, such as the Eleventh Amendment.”  Graham,
473 U.S. at 167; see U.S.
Const. amend. XI.  Further, “[i]f an individual is sued in his official
capacity, the employee may raise any defense that would be available to his
employer, including the defense of sovereign immunity.”  Cloud at 333; accord
E.E. Lowry, 155 S.W.3d at 458.  “When it comes to defenses to liability, an
official in a personal-capacity action may, depending on his position, be able
to assert personal immunity defenses, such as” absolute or qualified official
immunity.[2]  Graham
at 166-67.  “Individuals sued in their individual capacity, however, may
not rely on the defense of sovereign immunity . . . .”  Cloud
at 333; accord Nueces County v. Ferguson, 97 S.W.3d 205, 215 (Tex.
App.—Corpus Christi 2002, no pet.); Jackson, 881 S.W.2d at 500; see
Minix v. Gonzales, 162 S.W.3d 635, 639 (Tex. App.—Houston [14th Dist.]
2005, no pet.).      

        Appellants argue that Appellees
brought suit against Appellants in Appellants’ official capacities, and thus
that the suits are barred by sovereign immunity.  Appellants argue that in
alleging only acts done within the course and scope of Appellants’ employment
Appellees sued Appellants in Appellants’ official capacities.  

        Appellees argue that their
petitions expressly brought claims against Appellants in Appellants’
“individual capacities.”  Appellees argue that a governmental employee sued in
the defendant’s individual capacity may be liable for acts done in the course
and scope of the defendant’s employment.  “A government employee may act within
the scope of his employment, but not be protected by immunity.”  Harris County v. Gibbons, 150 S.W.3d 877, 887 (Tex. App.—Houston [14th Dist.]
2004, no pet.).  Appellees point, by comparison, to official immunity.  “If a
government employee acts within the scope of his employment in the performance
of a discretionary duty and acts in good faith, he is entitled to official
immunity even though his acts are negligent, or even illegal.”  Tex.
State Technical Coll. v. Cressman, 172 S.W.3d 61, 66 (Tex. App.—Waco 2005,
pet. denied) (quoting Johnson v. Campbell, 142 S.W.3d 592, 594 (Tex.
App.—Texarkana 2004, pet. denied)) (emphasis in Tex. State Technical Coll.);
accord Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004); Ballantyne v. Champion Builders, Inc., 144 S.W.3d 417, 422 (Tex. 2004); Conklin v. Garrett, 179 S.W.3d 676, 680-81 (Tex. App.—Tyler 2005, no
pet.).  Thus, although doing an act in the course and scope of employment, a
government employee sued in his or her official capacity may nonetheless be
liable, if the act is not discretionary or not done in good faith.  E.g.,
City of Lancaster v. Chambers, 883 S.W.2d 650, 656-58 (Tex. 1994) (remanded
on good faith); Los Fresnos Consol. Indep. Sch. Dist. v. Southworth, 156
S.W.3d 910, 917 (Tex. App.—Corpus Christi 2005, pet. denied) (no official
immunity where duties breached not discretionary); Harris County v. Gibbons,
150 S.W.3d at 886-87 (same); Garza v. Smith, 860 S.W.2d 631, 634
(Tex. App.—Corpus Christi 1993, no writ) (no official immunity where fact issue
as to good faith); Garza v. Salvatierra, 846 S.W.2d 17, 21-23 (Tex.
App.—San Antonio 1992, writ dism’d w.o.j.) (no official immunity where duties
breached not discretionary).

        Appellants argue that we must
“look beyond the capacity in which the [Appellees] have sued, in order to
ascertain the true nature of their claim.”  (Reply Br. at 7 (citing Pickell
v. Brooks, 846 S.W.2d 421, 424 (Tex. App.—Austin 1992, writ denied);
Ferguson, 97 S.W.3d 205).)  The cases cited by Appellants are
distinguishable.  In Pickell, the style of the petition indicated that
Pickell sued Brooks in Brooks’s official and individual capacities, but the
body of the petition stated claims only against the State “by and through
. . . Brooks.”  Pickell, 846 S.W.2d at 424; see also
Spellmon v. Tex. Dep’t of Crim. Justice, No. 14-96-00237-CV, 1997 Tex. App.
LEXIS 1205, at *8-*9 (Tex. App.—Houston [14th Dist.] Mar. 13, 1997, no
writ) (not designated for publication).  The court held that Pickell’s
allegations thus stated a claim against Brooks only in Brooks’s official
capacity.  Pickell at 424.  The bodies of Appellees’ petitions clearly
state claims against Appellants in Appellants’ individual capacities.  In Nueces
County v. Ferguson, “Ferguson did not explicitly state in his petition
whether his claims against Larry Olivarez were brought against Olivarez in an
official or individual capacity.”  Ferguson at 215.  The court
held, “When a petition fails to specify the capacity in which a person is sued,
we will look at the ‘course of the proceedings’ to determine the nature of the
liability the plaintiff seeks to impose.”  Id. (quoting Graham, 473
 U.S. at 166 n.14) (internal footnote omitted); accord Johnson v. Tims, No.
10-05-00006-CV, 2005 Tex. App. LEXIS 5053, at *5 (Tex. App.—Waco June 29, 2005,
pet. denied) (mem. op.) (quoting Ferguson at 215).  Appellees’ petitions
clearly specify that they bring claims against Appellants in Appellants’
individual capacities.    

        The trial court did not err in
concluding that sovereign immunity did not bar Appellees’ suits against
Appellants in Appellants’ individual capacities, and thus in overruling
Appellants’ pleas to the jurisdiction.[3]  We
overrule Appellants’ issue.

        Having
overruled Appellants’ sole issue, we affirm.

TOM GRAY

Chief Justice




 

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

        (Justice Vance dissenting)

Order affirmed 

Opinion delivered and filed May 28, 2008

[CV06]









          [1] This case is not
governed by Texas Civil Practice and Remedies Code Section 101.106, as amended
2003, which concerns the election of remedies between suits against
governmental units and governmental-unit employees.  See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a)-(b)
(Vernon 2005); Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 11.05,
2003 Tex. Gen. Laws 847, 886 (codified at Tex.
Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 2005)); id. § 23.02(d),
2003 Tex. Gen. Laws at 899; 2003 Tex. Gen. Laws at 899 (“applies only to an
action filed on or after” Sept. 1, 2003).  Appellants filed their suits in 2002
and early 2003.





          [2] Official immunity is an
affirmative defense, which is not properly raised in a plea to the jurisdiction. 
Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 162-63 (Tex. 2004); accord Univ. of Houston v. Clark, 38 S.W.3d 578, 580 (Tex. 2000); San
Antonio State Hosp. v. Lopez, 82 S.W.3d 566, 568 (Tex. App.—San
Antonio 2002, pet. denied).  “[A]n official sued in his individual
capacity would assert official immunity as a defense to personal monetary
liability, which is well suited for resolution in a motion for summary
judgment.”  Koseoglu, 233 S.W.3d at 843 (citing City of Lancaster v.
Chambers, 883 S.W.2d 650, 653 (Tex. 1994)).  Appellants complain only of
the overruling of their plea to the jurisdiction premised on sovereign
immunity.





          [3] Appellants also contend
that Appellees’ suit against Appellants in Appellants’ individual capacities is
barred by sovereign immunity as a suit against the State because, Appellants
argue, the State has an obligation to defend and indemnify Appellants.  See Tex. Civ. Prac. & Rem. Code Ann. §§
104.001-104.009 (Vernon 2005).  The one case cited by Appellants for that proposition
is distinguishable, since it concerns a suit against defendants in the
defendants’ official capacities.  See McCartney v. May, 50 S.W.3d 599,
604-606 (Tex. App.—Amarillo 2001, no pet.).