Kenneth R. JOHNSON and Titus County, Texas, Appellants,

v.

Robert Rance CAMPBELL, Appellee.

No. 06–04–00016–CV.

Court of Appeals of Texas, Texarkana.

Submitted June 8, 2004.

Decided Aug. 11, 2004.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

OPINION

Opinion by Justice CORNELIUS (Retired).

Robert Rance Campbell sued Kenneth R. Johnson and Titus County to recover damages for personal injuries and property damages resulting from a collision at a Mount Pleasant intersection between a sheriff's department vehicle driven by Johnson and a pickup truck driven by Campbell. Johnson was a sheriff's deputy responding to a call when the collision occurred.

■ Johnson and Titus County filed a motion for summary judgment contending they were both entitled to immunity. Campbell filed a response, contending that a material fact issue existed as to whether Johnson and Titus County were entitled to immunity. After a hearing, the trial court denied the motion for summary judgment. Johnson and Titus County appeal pursuant to the provisions of TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) (Vernon Supp. 2004–2005), which provides for an interlocutory appeal of the denial of a motion for summary judgment on the ground of immunity. Because we conclude Campbell failed to produce summary judgment evidence raising a material fact issue as to Johnson's official immunity, we reverse the trial court's order denying summary judgment and render judgment that Campbell take nothing.

This case is governed by the principles set out in the Texas Supreme Court cases of *City of Lancaster v. Chambers,* 883 S.W.2d 650 (Tex.1994), and *Wadewitz v. Montgomery,* 951 S.W.2d 464 (Tex.1997).

Robert S. Davis, William R. Jones, Flowers Davis, PLLC, Tyler, for appellants.

Robert Rolston, Rolston & Cobern Law Firm, LLP, Mount Pleasant, for appellee.

* William J. Cornelius, C.J., Retired, Sitting by Assignment.

Official immunity is an affirmative defense that protects a government employee from liability when the employee is (1) acting in the scope of his employment, (2) performing a discretionary duty, and (3) acting in good faith. *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000); *Wadewitz v. Montgomery*, 951 S.W.2d 464; *City of Lancaster v. Chambers*, 883 S.W.2d 650. If a government employee acts within the scope of his employment in the performance of a discretionary duty and acts in good faith, he is entitled to official immunity even though his acts are negligent, or even illegal. *City of Lancaster v. Chambers*, 883 S.W.2d 650; *Campbell v. Jones*, 153 Tex. 101, 264 S.W.2d 425 (1954); *Harris County v. Garza*, 971 S.W.2d 733 (Tex.App.-Houston [14th Dist.] 1998, no pet.); *Harris County v. Ochoa*, 881 S.W.2d 884 (Tex. App.-Houston [14th Dist.] 1994, writ denied).

The collision in question occurred while Johnson was in his patrol car responding to a family violence call. Campbell concedes that, at the time, Johnson was an employee of Titus County and was acting in the scope of his employment. The summary judgment evidence shows that Johnson was also performing a discretionary duty. The reasonableness of an officer's response to a call is based on the facts perceived by the officer, not on the facts as they may have actually existed. *Telthorster v. Tennell*, 92 S.W.3d 457 (Tex. 2002); *Williams v. Houston Firemen's Relief & Retirement Fund*, 121 S.W.3d 415 (Tex.App.-Houston [1st Dist.] 2003, no pet.). When an officer is responding to what has been communicated to him as a family violence dispute, he is performing a discretionary duty. *Harris County v. Garza*, 971 S.W.2d 733.

The test for determining whether a governmental officer is acting in good faith in the performance of his duty is whether a reasonably prudent officer, under the same or similar circumstances, could have believed that the need to immediately respond to a crime scene outweighed any clear risk of harm to the public. *Wadewitz v. Montgomery*, 951 S.W.2d 464; *City of Lancaster v. Chambers*, 883 S.W.2d 650; *Harris County v. Garza*, 971 S.W.2d 733. This test is one of objective legal reasonableness, without regard to whether the officer acted with subjective good faith. *Wadewitz v. Montgomery*, 951 S.W.2d 464.

An officer is entitled to summary judgment on the issue of good faith if he submits uncontroverted summary judgment evidence that, in responding to a call, he met the test of good faith set out in *Chambers* and *Wadewitz*. To successfully controvert the officer's summary judgment proof on good faith, the plaintiff must do more than show that a reasonably prudent officer could have decided to stop the pursuit; he must show that no reasonable person in the officer's position could have thought the facts were such that they justified the officer's acts. *City of Lancaster v. Chambers*, 883 S.W.2d 650.

The motion for summary judgment filed by Johnson and Titus County was supported by depositions, answers to interrogatories, and affidavits, including one by Johnson and one by an expert, Dr. Merlin Moore. The summary judgment evidence shows that Johnson was in the squad room of the sheriff's department when he received a family violence call. Dispatcher Kim Evans told Johnson that there was a family violence call and that he had been to that same location on another family violence call a few days previously. The previous occasion was a family violence call where a man was threatening his wife or "significant other." Johnson understood there was also a threat that, if an officer came out to the scene, the man was going to shoot the woman and the officer. John-

son responded to the current call, and Officer Billy Chance followed as back-up. Johnson selected the route to travel to the scene, which was a direct route through an area of the City of Mount Pleasant. When Johnson came to the intersection of 1st and Madison Streets, he drove around some vehicles stopped at the intersection and entered the intersection. A pickup truck entered the intersection from another direction and collided with Johnson. The traffic light at the intersection was red when Johnson entered it. In his deposition, Johnson told plaintiff's counsel that the intersection of 1st and Madison Streets was a location where an officer should be running his lights and sirens when responding to a call.

Dr. Moore stated in his affidavit that Johnson's response to the family violence call was reasonable and in good faith when analyzed by the standards set out in *Chambers*, and he analyzed the summary judgment evidence with reference to those standards. Moore examined the facts about Johnson's response against a standard of objective legal reasonableness and without regard to Johnson's subjective state of mind. Moore assessed the need to which Johnson was responding and the risk of harm to the public as a result, and based on Johnson's objective perception of the facts, Moore considered the countervailing public safety concerns, including the nature and severity of the harm that Johnson's acts could have caused, including injuries to bystanders and the possibility that an accident might prevent Johnson from reaching the crime scene, the likelihood that any harm would occur, and whether any risk of harm would be clear to a reasonably prudent officer. Moore further stated that a domestic violence disturbance case is a serious offense which may require an immediate response by the officer to prevent loss of life or serious bodily injury. Moore concluded from these and other facts that a reasonably prudent officer could have believed that, under the same or similar circumstances, Johnson's course of action was reasonable and that the need to immediately reach the crime scene outweighed any clear risk of harm to the public in continuing the response.

Campbell filed a response to Johnson and Titus County's motion for summary judgment. Campbell's response was supported by depositions and several affidavits, including affidavits of Tiffinay Cullen, Jill Fulce, and certified police officer Joe Montgomery. Cullen stated that she saw the collision, that the light was red when Johnson entered the intersection, and that she heard no siren. She also said that, after the collision, her husband told her that, when they were pulling Johnson out of the vehicle, Johnson "hit all the switches and the sirens and lights came on." Fulce stated there actually was no family violence at the reported scene, but only a girl's boyfriend who refused to remove his car from her driveway. Montgomery stated that he was a certified peace officer with thirty years' experience and that he had reviewed the summary judgment evidence and had the opinion that Johnson's acts in entering the intersection against a red light and driving past waiting traffic at a speed of thirty to thirty-five miles per hour was a reckless disregard for the safety of others. He noted that Johnson failed to comply with the Titus County interoffice memorandum regarding precautions an officer should take on coming upon an intersection or a signal light, and failed to comply with Tex. Transp. Code Ann. § 546.005 (Vernon 1999); and when one balances the severity of the call against the risks taken by Johnson in running the red light, he was of the opinion that Johnson was not operating in good faith.

Campbell's summary judgment evidence thus only raises fact issues on these points:

Johnson acted recklessly in running the red light and not using his emergency lights and siren; he entered the intersection without using due caution as required by sheriff's department policy and the Texas Transportation Code; and the domestic violence call did not involve real family violence, only an argument between a girl and her boyfriend. These facts, however, even if true, are insufficient to raise a fact issue on the question of whether Johnson acted in good faith in the way he responded to the call.

 We have already noted that an officer's good faith is not rebutted by evidence that he violated the law or department policy in making his response. *Campbell v. Jones,* 153 Tex. 101, 264 S.W.2d 425; *Williams v. Houston Firemen's Relief & Retirement Fund,* 121 S.W.3d 415. Nor does recklessness in the performance of the officer's duty belie his good faith. Recklessness is negligence, and negligence is immaterial when determining if an officer acted in good faith. *City of Lancaster v. Chambers,* 883 S.W.2d 650; *Harless v. Niles,* 100 S.W.3d 390 (Tex.App.-San Antonio 2002, no pet.). And an officer's good faith is judged on the basis of what he perceived to be the facts at the time of his response rather than on what later turned out to be the true facts. *Harris County v. Ochoa,* 881 S.W.2d 884.

Johnson and Titus County provided summary judgment evidence that Johnson acted in good faith when his response is measured by the standards set out in *Chambers.* To defeat an officer's claim of good faith on summary judgment, the plaintiff must raise a genuine issue of fact as to what a reasonable officer could have believed under the circumstances, and the facts must be substantiated with reference to each aspect of the *Chambers* balancing test. *Wadewitz v. Montgomery,* 951 S.W.2d 464. Campbell's summary judg-

ment evidence did not meet that test, so the trial court should have granted Johnson and Titus County's motion for summary judgment.

Because Johnson is entitled to immunity, Titus County is also entitled to immunity. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1)(B) (Vernon 1997); *DeWitt v. Harris County,* 904 S.W.2d 650 (Tex.1995).

For the stated reasons, we reverse the trial court's judgment and here render judgment that Campbell take nothing against Johnson and Titus County.