IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00325-CV

 

Texas State Technical College,


MARTHA ELLIS, CHARLES REED, DONNY

HARLAND, and RICHARD MORRIS, 

 

                                                                      Appellants

 v.

 

Ralph Cressman, Paula Schnizer, 

Joe Magourik, Greg Mosby, 

and Jimmy Daws,

                                                                      Appellees

 

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 2000-1243-4

 



Opinion



 








          Texas State Technical College (“TSTC”) and several of its administrators and employees bring this interlocutory appeal
from the trial court’s denial of a summary judgment motion premised on
statutory interpretation and official immunity.  They contend in two issues
that the court erroneously denied the summary judgment motion because: (1) the
conduct at issue did not violate Chapter 123 of the Civil Practices and
Remedies Code; and (2) they are entitled to judgment on the basis of official
immunity.

          The underlying litigation involves
three lawsuits which were consolidated by agreement into cause no. 2000-1243-4. 
Two of these lawsuits were filed against TSTC by Appellees and one other person
who is not a party to this appeal[1] and
allege claims for age, race, and gender discrimination and for retaliation.  The
third lawsuit was filed by Appellees against Appellants Martha Ellis, Charles
Reed, Donny Harland, Richard Morris, and three others who are not parties to
this appeal[2]
and alleges claims for: (1) illegal eavesdropping in violation of Chapter 123
of the Civil Practice and Remedies Code; (2) violation of right to privacy
under color of state law in violation of 42 U.S.C. § 1983; (3) invasion of
privacy; (4) conspiracy to violate civil rights in violation of 42 U.S.C. § 1985(3);
and (5) intentional infliction of emotional distress.[3]

 

Scope of Appeal

          Section 51.014(a)(5) of the Civil
Practice and Remedies Code permits an interlocutory appeal from an order which
“denies a motion for summary judgment that is based on an assertion of immunity
by an individual who is an officer or employee of the state or a political
subdivision of the state.”  Such an appeal may be brought by the
officer/employee and/or by the governmental unit by which he/she is employed.  See City of Beverly Hills v. Guevara, 904 S.W.2d 655, 656 (Tex. 1995) (per
curiam); City of Cockrell Hill v. Johnson, 48 S.W.3d 887, 891 (Tex.
App.—Fort Worth 2001, pet. denied).

          In response to an inquiry from the
Clerk of this Court, TSTC avers that it is not a party to this appeal because
“only the individual Defendants can assert official immunity.”  In addition to
being incorrect as a legal proposition,[4]
this response does not explain why TSTC is listed as an appellant in the notice
of appeal.  At a more fundamental level however, TSTC was not a party to the
motion for summary judgment which is the subject of this appeal.  Thus, we
conclude that the portion of this appeal purportedly brought by TSTC presents
nothing for review.  Cf. Powell v. Foxall, 65 S.W.3d 756, 758 n.1 (Tex.
App.—Beaumont 2001, no pet.) (appellate decision would have no effect on
defendant who was not party to summary judgment motion nor included in notice
of appeal).

          Appellants[5]
challenge the court’s ruling on their claim of official immunity and on their
contention that Appellees’ allegations do not state a violation of Chapter 123
as a matter of law.  However, the scope of this interlocutory appeal is limited
by section 51.014(a)(5) to the immunity question.  See City of Alamo v. Holton, 934 S.W.2d 833, 836 (Tex. App.—Corpus Christi 1996, no writ); Richardson
v. Parker, 903 S.W.2d 801, 803 (Tex. App.—Dallas 1995, no writ); Boozier
v. Hambrick, 846 S.W.2d 593, 596 (Tex. App.—Houston [1st Dist.] 1993, no
writ); cf. Cox Tex. Newspapers, L.P. v. Wootten, 59 S.W.3d 717, 720-21
(Tex. App.—Austin 2001, pet. denied) (under section 51.014(a)(6), appellate
court may consider any issue raised in summary judgment motion premised at
least in part on First Amendment claim or defense); Delta Air Lines, Inc. v.
Norris, 949 S.W.2d 422, 429 (Tex. App.—Waco 1997, writ denied) (same).[6]
 Therefore, we will not address Appellants’ first issue.  We will address Chapter
123 only to the extent that it may be relevant to the issue of official
immunity.  See Bexar County v. Giroux-Daniel, 956 S.W.2d 692, 696-97
(Tex. App.—San Antonio 1997, no writ) (“where the legality of a defendant’s
actions depends on the defendant’s motive or intent, the qualified immunity
analysis necessarily encompasses a consideration of the defendant’s intent”).

          Appellants contend in their second
issue that they conclusively established their entitlement to judgment on the
issue of official immunity.  Appellees respond that Appellants’ official
immunity claim is barred by res judicata and a genuine issue of material fact
remains on the question of whether Appellants acted within the scope of their
authority because their conduct violated Chapter 123 of the Civil Practice and
Remedies Code, section 16.02 of the Penal Code, and article 18.20 of the Code
of Criminal Procedure.

Res Judicata

          When Appellees filed their first
amended petition stating federal claims, Appellants removed the suit to federal
court.  The federal district judge granted Appellants’ motion to dismiss under
Federal Rule of Civil Procedure 12(b)(6) on the basis of qualified immunity. 
The Fifth Circuit vacated this dismissal order holding that “[i]f a reasonable
government agent would know that the audio and video recordings were clearly
illegal, there could be no qualified immunity.”  Cressman v. Ellis, 77
Fed. Appx. 744, 746 (5th Cir. 2003) (per curiam) (not designated for
publication).  Appellees contend that this decision bars Appellants from
further pursuing official immunity under the doctrine of res judicata.

          The issue of whether a federal judgment
precludes a party from litigating claims in state court is governed by federal
law.  John G. & Marie Stella Kenedy Meml. Found. v. Dewhurst, 90
S.W.3d 268, 287 (Tex. 2002).  Under federal law, “[a] final judgment on the
merits of an action precludes the parties or their privies from relitigating
issues that were or could have been raised in that action.”  Rivet v.
Regions Bank of La., 522 U.S. 470, 476, 118 S. Ct. 921, 925, 139 L. Ed. 2d
912 (1998) (quoting Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424, 2428, 69 L. Ed. 2d 103 (1981)); accord Kenedy Meml. Found.,
90 S.W.3d at 287-88.

          Here, there has been no final judgment
on the merits.  Accordingly, res judicata does not apply.

 

Scope of Authority

          Official immunity shields a government
employee from liability if the actions which form the basis for the plaintiff’s
suit arise from the performance of (1) discretionary duties, (2) in good faith,
and (3) within the scope of the government employee’s authority.  Ballantyne
v. Champion Builders, Inc., 144 S.W.3d 417, 422 (Tex. 2004) (citing City
of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994)).  Appellees
contend that Appellants’ conduct cannot have been within the scope of their
authority because it is illegal under the statutes cited.  However, we agree
with Appellants that the legality of their conduct, standing alone, is irrelevant
to the issue of whether they were acting within the scope of their authority.

          Appellees rely on a line of cases
which began in 1987 with Bagg v. University of Texas Medical Branch at
Galveston.  726 S.W.2d 582 (Tex. App.—Houston [14th Dist.] 1987, writ ref’d
n.r.e.).  In Bagg, one issue was whether the State’s immunity from suit was
waived by the “[u]nlawful or unauthorized actions” of two State employees.  See
id. at 585.  Quoting Cobb v. Harrington, the Fourteenth Court
observed:

          The acts of officials which are not
lawfully authorized are not acts of the State, and an action against the
officials by one whose rights have been invaded or violated by such acts, for
the determination and protection of his rights, is not a suit against the State
within the rule of immunity of the State from suit.

 

Id. (quoting Cobb, 144 Tex. 360, 190 S.W.2d 709,
712 (1945)).

          After concluding that the State’s
immunity from suit cannot be waived when a State employee commits an “unlawful
or unauthorized” action, the Fourteenth Court next determined that State
employees “can . . . be sued in their individual capacities for wrongful
unofficial acts.”  Id. at 586.








          Since Bagg, several courts have
repeated the language that a government employee is not protected by official
immunity if he engages in “unlawful or unauthorized actions.”  See e.g.
Guerrero v. Tarrant County Mortician Servs. Co., 977 S.W.2d 829, 832 (Tex. App.—Fort Worth 1998, pet. denied); Closs v. Goose Creek Consol. Indep. Sch. Dist.,
874 S.W.2d 859, 869 (Tex. App.—Texarkana 1994, no writ); Lowrey v. Univ. of
Tex. Med. Branch at Galveston, 837 S.W.2d 171, 176 (Tex. App.—El Paso 1992,
writ denied); see also Camacho v. Samaniego, 954 S.W.2d 811, 822 (Tex.
App.—El Paso 1997, pet. denied) (government official not protected by official
immunity when he acts on behalf of State but engages in conduct unauthorized by
statute).

          In our view however, the Fourteenth Court (and those which followed it) improperly severed the term “not lawfully
authorized” into two separate components: unlawful or unauthorized.  This
severance is improper because an unlawful act is not necessarily unauthorized
and an unauthorized act is not necessarily unlawful.  

          For purposes of official immunity, the
central issue is not the legality of the government employee’s conduct. 
Rather, the issue is whether the government employee is acting “within the
scope of [his] authority.”  Ballantyne, 144 S.W.3d at 422; City of Lancaster, 883 S.W.2d at 653.  As the Texarkana Court recently observed, “If a
government employee acts within the scope of his employment in the performance
of a discretionary duty and acts in good faith, he is entitled to official
immunity even though his acts are negligent, or even illegal.”  Johnson
v. Campbell, 142 S.W.3d 592, 594 (Tex. App.—Texarkana 2004, pet. denied)
(emphasis added); accord City of Lancaster, 883 S.W.2d at 658 n.9 (“the [U.S.
Supreme] Court rejected this very argument when it rejected the notion that an
officer necessarily operates outside of the scope of the officer’s authority
when acting unlawfully”) (citing Anderson v. Creighton, 483 U.S. 635,
644-45, 107 S. Ct. 3034, 3041-42, 97 L. Ed. 2d 523 (1987)).

          The lawfulness of a government
employee’s conduct may have a bearing on whether the government employee acted
in good faith.  See City of Lancaster, 883 S.W.2d at 656 n.5 (the
statute governing the duty emergency vehicle operators owe to others “may be
read to inferentially rebut the defense of official immunity for operators of
emergency vehicles in some instances by collapsing the duty and good faith
inquiries”).  Nevertheless, a statutory violation “does not preclude
application of the official immunity doctrine.”  Id.  

          Here, Appellees do not contend that
Appellants were not acting in good faith.  The Supreme Court has rejected
Appellees’ contention that Appellants were acting outside the scope of their
authority because they were acting unlawfully.  See id. at 658 &
n.9; accord Johnson, 142 S.W.3d at 594.  Thus, Appellants conclusively
established their entitlement to judgment on the issue of official immunity.  Accordingly,
we sustain Appellants’ second issue.

We reverse the judgment and remand this cause to
the trial court for further proceedings consistent with this opinion.[7]

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Reversed and remanded

Opinion delivered and
filed August 3, 2005

[CV06]         









[1]
          Before consolidation, these two
suits were styled: (1) Ralph Cressman, Otis Smith, Joe Magouirk, Greg Mosby,
and James Daws v. TSTC (cause no. 2000-1243-4); and (2) Paula Schnizer v. TSTC
(cause no. 2001-1634-4).  Otis Smith is not a party to this appeal because he
was not a party to cause no. 2000-1243-4 when Appellants filed their summary
judgment motion.  Cf. Powell v. Foxall, 65 S.W.3d 756, 758 n.1 (Tex.
App.—Beaumont 2001, no pet.) (appellate decision would have no effect on
defendant who was not party to summary judgment motion nor included in notice
of appeal).

 





[2]
          The third lawsuit (cause no.
2001-3082-4) was styled Ralph Cressman, Paula Schnizer, Joe Magouirk, Greg
Mosby, and James Daws v. Martha Ellis, Charles Reed, Donny Harland, Richard
Morris, Abdon Rodriguez, Ray Rushing, and Murray Watson, Jr. and Associates. 
The plaintiffs voluntarily dismissed their claims against Abdon Rodriguez when
they omitted him from their first amended petition.  See Woodruff v. Wright,
51 S.W.3d 727, 731 (Tex. App.—Texarkana 2001, pet. denied).  The law firm of
Murray Watson, Jr. and Associates is not a party to this appeal because the plaintiffs
formally dismissed their claims against the firm.  Ray Rushing is not a party
to this appeal because he was not a party to cause no. 2000-1243-4 when
Appellants filed their summary judgment motion and because his name is not
included in the notice of appeal.  See Tex.
R. App. P. 25.1(c) (any party “who seeks to alter the trial court’s
judgment or other appealable order must file a notice of appeal”); cf.
Powell, 65 S.W.3d at 758 n.1.   

 





[3]
          These are the allegations of the
Plaintiffs’ First Amended Original Petition.  Appellees have included in the
appendix to their brief a Plaintiffs’ Seconded Amended Original Petition which
does include the federal claims alleged in the first amended petition. 
However, this second amended petition does not appear in the clerk’s record,
and according to the district clerk, it was never presented for filing.





[4]
          See e.g. DeWitt v. Harris
County, 904 S.W.2d 650, 653 (Tex. 1995).

 





[5]
          Any reference hereinafter to
“Appellants” is to the individual appellants Martha Ellis, Charles Reed, Donny
Harland, and Richard Morris.





[6]
          Section 51.014(a)(6) permits an
interlocutory appeal from an order which:

 

            denies a motion for
summary judgment that is based in whole or in part upon a claim against or
defense by a member of the electronic or print media, acting in such capacity,
or a person whose communication appears in or is published by the electronic or
print media, arising under the free speech or free press clause of the First
Amendment to the United States Constitution, or Article I, Section 8, of the Texas
Constitution, or Chapter 73.

 

Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(6)
(Vernon Supp. 2004–2005).

 





[7]
          Appellants pray that we reverse
and render judgment in their favor.   We decline to do so however because of
the numerous claims which apparently remain pending in the trial court because
of the agreed consolidation orders.