**Opinion filed December 13, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-12-00086-CV

_____

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

## V.

## NICHOLAS LOPEZ, Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 47504**

## M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety filed this interlocutory appeal from the trial court's order denying the DPS's plea to the jurisdiction. We reverse and render.

Nicholas Lopez sued the DPS as a result of a vehicular accident involving Lopez and DPS Trooper Jared Bratcher. At the time of the collision, Trooper Bratcher was responding to an emergency call involving a major accident. Trooper Bratcher, with his lights and siren on, entered an intersection and attempted to cross it while the light facing him was red. He collided with Lopez. Lopez alleged in his petition that Trooper Bratcher acted negligently and with

conscious indifference or reckless disregard for the safety of others.  The DPS filed a plea to the jurisdiction, asserting that this suit is barred by sovereign immunity based on either (1) an exception in the Texas Tort Claims Act[1] (TTCA) that applies to governmental employees responding to an emergency call or (2) Trooper Bratcher's official immunity.  The trial court denied the plea to the jurisdiction.

The DPS challenges that denial in two issues on appeal.  In its first issue, the DPS contends that the trial court erred in denying its plea to the jurisdiction because Trooper Bratcher's actions in responding to a major rollover crash meet the requirements of the TTCA emergency exception in Section 101.055(2).[2]  In the second issue, the DPS relies on Section 101.021(1)(B) of the TTCA, arguing that it is entitled to sovereign immunity because Trooper Bratcher is entitled to official immunity.  We address the merits of the second issue only as our holding on that issue is dispositive of this appeal.  *See* TEX. R. APP. P. 47.1.

Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).  After a governmental entity presents evidence that the trial court lacks subject-matter jurisdiction, the plaintiff must show that there is a disputed material fact regarding the jurisdictional issue.  *Id.* at 228.  When the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the plea to the jurisdiction is resolved by the trial court as a matter of law.  *Id.*  However, if disputed evidence of jurisdictional facts

---

[1]TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (West 2011 & Supp. 2012) (the Texas Tort Claims Act).

[2]Section 101.055 provides in relevant part:

> This chapter does not apply to a claim arising:
>
> . . . .
>
> (2) from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others.

We note also that, by statute, it is permissible for the operator of an emergency vehicle, while responding to an emergency call, to disregard various traffic laws.  TEX. TRANSP. CODE ANN. §§ 546.001–.002 (West 2011).  Section 546.001(2) specifically provides that an emergency vehicle may "proceed past a red or stop signal or stop sign, after slowing as necessary for safe operation."  In doing so, however, the operator of the emergency vehicle is not relieved from "the duty to operate the vehicle with appropriate regard for the safety of all persons" or from "the consequences of reckless disregard for the safety of others."  *Id.* § 546.005; *see City of Amarillo v. Martin*, 971 S.W.2d 426, 428–31 (Tex. 1998) (adopting recklessness and rejecting negligence as the standard for imposing liability).

implicates the merits of the case, resolution by the factfinder may be required. *Id.* at 226–28. On appeal, a challenge to the trial court's subject-matter jurisdiction is reviewed de novo. *Id.* at 228.

The TTCA provides for a limited waiver of sovereign immunity, allowing suits to be brought against governmental units only in certain narrowly defined circumstances. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). Lopez asserts that his claims fall within the waiver of immunity provided for in Section 101.021(1) of the TTCA. Section 101.021(1) provides that a governmental unit in this state is liable for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law.

The DPS does not dispute that Lopez's alleged injuries arose from the operation or use of a motor-driven vehicle, but it does dispute that Trooper Bratcher would be personally liable to Lopez. *See id.* § 101.021(1)(B). The DPS asserts that, because Trooper Bratcher is shielded from liability by his official immunity, he would not be personally liable to Lopez and that, since Trooper Bratcher would not be personally liable to Lopez, the DPS remains immune.

A government employee has official immunity for discretionary acts performed within the scope of the employee's authority as long as the employee acted in good faith. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). The defendant has the burden to establish the elements of the affirmative defense of official immunity. *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000). The element of good faith must be assessed upon objective legal reasonableness, not the employee's subjective state of mind. *Wadewitz*, 951 S.W.2d at 466. "Evidence of negligence alone will not controvert competent evidence of good faith." *Id.* at 467 n.1. Applying *Chambers*, the *Wadewitz* court stated that "good faith depends on how a reasonably prudent officer could have assessed both the *need* to which an officer responds and the *risks* of the officer's course of action, based on the officer's perception of the facts at the time of the event." *Id.* at 467. In this context, "need" is determined by factors such as the seriousness of the accident to which the officer is responding, whether the officer's immediate presence is necessary to prevent injury or loss of

3

life, and what alternative courses of action, if any, are available to achieve a comparable result. The "risk" aspect of good faith refers to countervailing public safety concerns such as the nature and severity of harm that the officer's actions could cause, including injuries to bystanders and the possibility that an accident would prevent the officer from reaching the scene of the emergency; the likelihood that any harm would occur; and the clarity of the risk of harm to a reasonably prudent officer. *Id.*

Applying "good faith" as set out in *Wadewitz*, we hold that a reasonably prudent officer, assessing both the need and the risks based on Trooper Bratcher's perception of the facts at the time of the accident, could have believed that his actions were justified. Trooper Bratcher gave the following reasons for the necessity of his presence at the rollover crash site: the severity of the crash, which involved one adult and four children and the ejection of at least one child; the lack of other officers available to respond; the fact that he had had EMS training and might be needed to assist an injured person; and the fact that the scene needed to be secured to prevent other traffic accidents and injuries. Trooper Bratcher turned on his lights and siren and headed toward the rollover crash site. The evidence, which includes video recorded from the trooper's vehicle, is undisputed that Trooper Bratcher "cleared and completely stopped at every intersection" prior to the intersection where he collided with Lopez. After investigating the incident, Sergeant Thomas W. Moore III concluded that the crash was preventable and was caused by Trooper Bratcher failing to make sure a busy intersection was clear before entering it and also by Lopez failing to see or hear the lights and siren of Trooper Bratcher's patrol car and, thus, failing to yield to the emergency vehicle. Sergeant Moore's investigation revealed that Trooper Bratcher was traveling at about the speed limit of 45 miles per hour on the service road of FM 700 as he approached the intersection of US 87/Gregg Street, which was a four-lane highway with a turn lane in the center; that Trooper Bratcher's light was red; that he braked and slowed down to 25–30 miles per hour prior to the intersection; that every vehicle to the right of the intersection was stopped; that there appeared to be no traffic moving; that Trooper Bratcher let off the brakes and began to accelerate through the intersection, entering the intersection at approximately 35 miles per hour; that Trooper Bratcher's attention was focused on the vehicles to his right; and that he failed to see Lopez's vehicle. Neither driver took any evasive action prior to impact. Trooper Bratcher's vehicle struck Lopez's vehicle near the rear axle on the

4

passenger's side. The evidence suggests that a chain link fence or a concrete barricade may have impeded Trooper Bratcher's view of Lopez's vehicle.

The risks involved in Trooper Bratcher's actions concern the nature and severity of harm that his actions could cause, including injuries to bystanders like Lopez and the possibility that Trooper Bratcher would be prevented from reaching the scene of the emergency. The likelihood that any harm would occur and whether the risk of harm would be clear to a reasonably prudent officer are also of concern. There are obvious risks in disregarding a red light—colliding with other vehicles and causing injuries. Sergeant Moore stated that officers "must expect that not all drivers will yield to emergency vehicles" and that "a prudent officer should slow down enough or stop and actually observe the entire intersection" to make sure that it is clear. Trooper Bratcher slowed prior to reaching the intersection and thought he had cleared the intersection. Under the circumstances as perceived by Trooper Bratcher, a reasonably prudent officer could have assessed the needs and risks involved and mirrored Trooper Bratcher's actions.

Although the evidence suggests that Trooper Bratcher's actions were negligent, negligence is not the appropriate standard for determining good faith in an official immunity case. To controvert an officer's proof of good faith, there must be evidence that does "more than show that a reasonably prudent officer could have decided to stop"; the evidence must show that "no reasonable person in the defendant's position could have thought the facts were such that they justified defendant's acts." *Chambers*, 883 S.W.2d at 657. The court in *Chambers* noted that, "if officers of reasonable competence could disagree on this issue, immunity should be recognized." *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). The evidence does not show that no reasonable person in Trooper Bratcher's position could have believed his acts were justified. *See id.*; *see also City of San Antonio v. Ytuarte*, 229 S.W.3d 318 (Tex. 2007); *City of Dallas v. Brooks*, 349 S.W.3d 219, 231–33 (Tex. App.—Dallas 2011, no pet.); *City of San Angelo Fire Dep't v. Hudson*, 179 S.W.3d 695, 704–06 (Tex. App.—Austin 2005, no pet.); *Johnson v. Campbell*, 142 S.W.3d 592 (Tex. App.—Texarkana 2004, pet. denied). We conclude that the DPS established that Trooper Bratcher acted in good faith and that Lopez failed to raise a fact issue regarding Trooper Bratcher's good faith.

Because the evidence shows that Trooper Bratcher was performing a discretionary act within the scope of his authority as a government employee and that he acted in good faith in doing so, Trooper Bratcher would be entitled to official immunity. Accordingly, the DPS is

entitled to immunity pursuant to Section 101.021(1)(B), and the trial court erred in not granting the DPS's plea to the jurisdiction on this basis. We sustain the DPS's second issue.

The trial court's order denying the DPS's plea to the jurisdiction is reversed, and we render judgment dismissing the cause for lack of jurisdiction.


JIM R. WRIGHT
CHIEF JUSTICE


December 13, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.