**Affirmed and Majority and Dissenting Opinions filed September 8, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00107-CV

---

### CITY OF HOUSTON, Appellant

### V.

### RUBEN RODRIGUEZ AND FREDERICK OKON, Appellees

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2020-16518**

---

## DISSENTING OPINION

Of the City's two summary-judgment arguments, I agree with and would address only the official immunity issue because the City's entitlement to judgment as a matter of law on that ground is clear, and the justices in the majority err in holding otherwise. The court should reverse the trial court's order and render judgment dismissing appellees' claims against the City for lack of jurisdiction.

The City proved as a matter of law that Officer Corral was protected from personal liability by the doctrine of official immunity because he acted (1) within

the scope of his employment, (2) by performing a discretionary function as a government employee, and (3) in good faith. Appellees offered no controverting evidence and did not even contest Officer Corral's entitlement to official immunity. Officer Corral's official immunity shields the City from appellees' suit,[1] which deprives the trial court of subject-matter jurisdiction.[2]

The undisputed evidence establishes that Officer Corral was an HPD officer acting within the scope of his employment.[3] The summary-judgment evidence also shows that Officer Corral was performing a discretionary duty.[4]

The only element with which the majority takes issue is good faith; though appellees conceded the issue in their summary-judgment response and have not revisited the point in their appellate brief.[5] The standards by which we measure good faith in a law-enforcement pursuit case are well-established.[6] Importantly, a governmental defendant's proof must sufficiently address the need-risk factors from

---

[1] *See Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004).

[2] *See City of San Antonio v. Riojas*, 640 S.W.3d 534, 537, 543 (Tex. 2022); *DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex. 1995); *White v. City of Houston*, 624 S.W.3d 28, 37 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *Quested v. City of Houston*, 440 S.W.3d 275, 284 n.16 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

[3] *See, e.g.*, *Johnson v. Campbell*, 142 S.W.3d 592, 594 (Tex. App.—Texarkana 2004, pet. denied) (officer in collision while responding to family violence call was in scope of employment).

[4] Whether to engage in a vehicular pursuit of a crime suspect, as well as an officer's actions during the pursuit, are discretionary decisions. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 655 (Tex. 1994).

[5] In their summary-judgment response, appellees explicitly acknowledged they were not challenging the issue of Officer Corral's good faith. For example, appellees stated, "it is uncontroverted by Plaintiffs that Defendant has official immunity under the TTCA unless the operator of the emergency vehicle acts recklessly or with conscious disregard and a high degree of risk of harm to others. Plaintiffs' entire argument is based on the emergency exception." And in their appellate briefing, appellees make no attempt to justify the trial court's ruling as to the official immunity grounds and indeed do not mention the words "good faith."

[6] *E.g.*, *Riojas*, 640 S.W.3d at 539; *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997); *Chambers*, 883 S.W.2d at 655.

2

*Wadewitz*.[7] According to the majority, Officer Corral's affidavit failed to adequately address the risk of his vehicle's brakes failing just before the accident. The majority bases its holding on Officer Corral's statement in his affidavit that, as he attempted to turn east on Forum West Drive, he "hit the curb due to the brakes not working." From this statement, the majority concludes a fact question on good faith exists because Officer Corral did not "elaborate on the condition of his vehicle's brakes at any relevant time"; did not "state when he became aware of this condition or the extent to which the brakes' condition impeded his ability to slow down his vehicle or come to a stop at any time before colliding with Appellees' truck"; and did not "provide any further explanation regarding how his brakes' deficient condition contributed to his driving, his decision-making, or the cause of the collision." From the single statement in the affidavit, the majority says a fact question exists "concerning when the officer knew or should have known that his brakes were not working," precluding summary judgment. The majority purports to reach this conclusion based on the principle that, in the summary-judgment context, we read the movant's evidence in the light most favorable to the non-movant. As part of this standard, we afford the non-movant the benefit of every reasonable inference properly drawn in its favor.[8]

The court's opinion, however, rests not on reasonable inferences but on rank speculation. The justices in the majority *imagine* the existence of a fact—that Officer Corral became "aware" that his vehicle had defective brakes during the pursuit—and then reject the City's evidence because it fails to address the imagined fact in the need-risk analysis. The suggestions that Officer Corral's brakes in fact

---

[7] *Telthorster v. Tennell*, 92 S.W.3d 457, 462 (Tex. 2002); *Wadewitz*, 951 S.W.2d at 467.

[8] *See Gulbenkian v. Penn*, 252 S.W.2d 929, 931 (Tex. 1952); *Zapata v. Rosenfeld*, 811 S.W.2d 182, 183 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

3

were not working or that he may have been aware that his brakes were not working at any time before the very moment of the incident simply are not reasonable inferences from any statement in either affidavit. There is no suggestion of any issue with the brakes during the pursuit, or that the vehicle's brakes were defective in any way, at any time. The only reasonable inference on that score is the opposite: that the brakes were functional. This is clear from several facts in both affidavits. For example, as the suspect was traveling at a "high rate of speed" and weaving in and out of traffic, Officer Corral controlled his vehicle to remain "close enough to the suspect that he could not get away, but keep enough distance to avoid a collision"; and he was able to maintain pursuit even though the suspect made multiple u-turns, drove the wrong direction on feeder roads, and "looped" around a car dealership parking lot. As the suspect exited the lot, Officer Corral slowed his vehicle to a "pause" after another car blocked the officer's exit. After other cars yielded, Officer Corral was able to continue the pursuit down the feeder road. As the suspect made a sudden right turn off the feeder road, Officer Corral followed but attempted a wide turn to avoid striking appellees' truck, which was waiting at the stop sign. At that moment, Officer Corral said, his vehicle hit the curb due to the brakes not working. None of these facts remotely suggests that the brakes were not working at any time before the accident or that Officer Corral was aware that they might be defective. Officer Corral simply could not have repeatedly accelerated and slowed the vehicle as he described in his affidavit if his brakes had not been working.

While we review summary-judgment evidence in the light most favorable to the non-movant, we indulge only *reasonable* inferences, not unreasonable ones.[9] For an inference to be reasonable, it must be deducible from proven facts and not

---

[9] *See Scripps NP Oper. LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019).

based on speculation.[10] The First Court's statement in *Peters* is particularly apt:  the majority's "inference" regarding the condition of Officer Corral's brakes, or his supposed awareness of his brakes' condition before the incident, lacks a factual premise and is nothing more than surmise.  *See Peters*, 404 S.W.3d at 6.

An officer's good-faith evidence in a pursuit case must account for risks, but only *known* risks.[11]  We consider only the information that the officer had available at the time he made his decisions, not facts that subsequently became known to him.[12]  In these situations, officers need not address a risk that did not arise or become apparent during the actual pursuit.[13]  The court cites *City of Brazoria v. Ellis* as support for its holding,[14] but that case is clearly inapplicable because it was there undisputed that a building blocked part of the officer's view during a pursuit, but the officer did not address in his affidavit the potential risks presented by the obscured view before continuing the pursuit.  In *City of Brazoria*, therefore, the risk that the officer's view was obscured by a building was known to the officer before he proceeded.

The circumstance here, in contrast, is no different than an officer encountering an unexpected obstacle in the road, like in *Harris County v. Southern County Mutual*

---

[10] *Briones v. Levine's Dep't Store, Inc.*, 446 S.W.2d 7, 10 (Tex. 1969) (holding that a reasonable inference cannot be based on speculation); *Walters v. Am. States Ins. Co.*, 654 S.W.2d 423, 426 (Tex. 1983); *Peters v. Tex. Dep't of Pub. Safety*, 404 S.W.3d 1, 6 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("Although it is certainly true that a fact-finder can draw reasonable inferences from the record, the type of inferences that DPS argues for are not 'inferences' at all— just mere speculation and conjecture.").

[11] *See Chambers*, 883 S.W.2d at 656-57.

[12] *Telthorster*, 92 S.W.3d at 465.

[13] *See Univ. of Houston v. Clark*, 38 S.W.3d 578, 586 (Tex. 2000).

[14] *City of Brazoria v. Ellis*, No. 14-14-00322-CV, 2015 WL 3424732, at *5 (Tex. App.— Houston [14th Dist.] May 28, 2015, no pet.) (mem. op.).

*Insurance Co.*,[15] where the officer lost control of his vehicle after hitting a road bump. Did the court in that case reject the officer's good-faith evidence because the officer failed to assess the risk of the road bump in his affidavit? Did the court surmise as a "reasonable inference" that the officer might have been "aware" that a bump was in the road and yet failed to account for the bump in his need-risk assessment? Or that the officer should have seen the bump? No. The court held that the official immunity elements, including good faith, were conclusively established. That is what we should hold.

The City's evidence, which included two affidavits, established that a reasonably prudent officer in the same or similar circumstances as those perceived by Officer Corral could have believed that the need to pursue the suspect outweighed the risk to the public.[16] Each officer's testimony sufficiently addressed both the need and risk factors and reveals that a reasonable officer, under the same or similar circumstances, could have balanced need and risk as Officer Corral did. Based on the evidence presented, the City met its initial summary-judgment burden by establishing all three official immunity elements, including the element of good faith.[17]

---

[15] *Harris County v. S. Cnty. Mut. Ins. Co.*, No. 01-13-00870-CV, 2014 WL 4219472, at *9 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (mem. op.).

[16] *See Clark*, 38 S.W.3d at 586.

[17] *See Tex. Dep't of Pub. Safety v. Bonilla*, 481 S.W.3d 640, 644-46 (Tex. 2015) (per curiam); *City of San Antonio v. Ytuarte*, 229 S.W.3d 318, 320-21 (Tex. 2007); *Clark*, 38 S.W.3d at 586; *Tex. Dep't of Pub. Safety v. Salinas*, No. 04-21-00178-CV, 2022 WL 947195, at *4-5 (Tex. App.—San Antonio Mar. 30, 2022, no pet.) (mem. op.); *Harris County v. Avila*, No. 14-18-00182-CV, 2019 WL 1030332, at *5-6 (Tex. App.—Houston [14th Dist.] Mar. 5, 2019, no pet.) (mem. op.); *Jackson v. City of Baytown*, No. 14-14-00231-CV, 2015 WL 2169509, at *5 (Tex. App.—Houston [14th Dist.] May 7, 2015, no pet.) (mem. op.); *Royal v. Harris County*, No. 14-08-00551-CV, 2010 WL 610604, at *7 (Tex. App.—Houston [14th Dist.] Feb. 23, 2010, pet. denied) (mem. op.); *Johnson*, 142 S.W.3d at 596.

The burden therefore shifted to appellees to raise a genuine issue of material fact on at least one element of the City's official immunity defense.[18]  To rebut evidence of good faith in response to the City's motion, a plaintiff must establish that no reasonable person in the defendant's position could have thought the facts were such that they justified the defendant's acts.[19]  The plaintiff cannot controvert the defendant's good-faith evidence by showing that the defendant was negligent or that reasonably competent officers could disagree on the issue.[20]

Appellees did not address the City's official immunity argument in their summary-judgment response.  They argued solely that Officer Corral acted with conscious indifference or reckless disregard for their safety.  Appellees conceded that their opposition to summary judgment was based solely on the emergency exception and that they did not contest that Officer Corral has official immunity.

Because appellees' response addressed only the Tort Claims Act's emergency exception and did not respond to the City's official immunity argument, the City was entitled to summary judgment.[21]  When official immunity is proven as a matter of law, the alternative defense of the emergency exception to the waiver of immunity need not be addressed.[22]

---

[18] *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).

[19] *Clark*, 38 S.W.3d at 581.

[20] *Telthorster*, 92 S.W.3d at 467.

[21] *See Salinas*, 2022 WL 947195, at *4-5 (DPS proved immunity; plaintiff's response addressed only recklessness and whether response was an emergency; plaintiff offered no evidence that no reasonable official in officer's position could have believed that his conduct was justified; thus summary judgment was appropriate); *see also Ytuarte*, 229 S.W.3d at 320-21; *Clark*, 38 S.W.3d at 586; *Avila*, 2019 WL 1030332, at *6-7; *Jackson*, 2015 WL 2169509, at *6-7; *Royal*, 2010 WL 610604, at *7-10; *Johnson*, 142 S.W.3d at 596.

[22] *See Salinas*, 2022 WL 947195, at *5 (holding that because defendant was entitled to official immunity, court need not consider alternative issue regarding the emergency exception); *Quested*, 440 S.W.3d at 284 n.16; *White*, 624 S.W.3d at 37.

I would reverse the trial court's order denying the City's motion for summary judgment and render judgment that appellees' claims against the City should be dismissed for lack of jurisdiction.  Because the court fails to do so, I dissent.


/s/    Kevin Jewell
Justice

Panel consists of Justices Jewell, Bourliot, and Hassan (Hassan, J., majority).